IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VAN DIXSON, 13062083,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   No. 3:13-CV-4198-M<br>) |
| DALLAS COUNTY SHERIFF'S OFFICE, ET AL.,<br>    Defendants. | )<br>) |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.    Background**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983.  He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.  Defendants are the Dallas County Sheriff's Office, the Dallas County Sheriff's Office CID and the Dallas County District Attorney's Office.  Process has not issued pending preliminary screening.

Plaintiff alleges Defendants violated his due process rights and his right to a fair trial by providing information to the media "that normally wouldn't be allowed to the knowledge of the jury because I was never convicted of that crime." (Amend. Compl. at 4).  Plaintiff asks the Court to order the Defendants to stop providing "reports to the media with evidence that would effect the trial." (*Id.*)

**II.   Screening**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it

concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*"* *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III. Discussion

Plaintiff filed this complaint against the Dallas County Sheriff's Department, the Dallas County Sheriff's Office CID and the Dallas County District Attorney's Office. A plaintiff, however, may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Robinson v. Snipes*, No. 3:09-CV-1863-K, 2009 WL 4059197 at *9 n.1 (N.D. Tex. Nov. 20, 2009) (citing

*Blaney v. Meyers*, No. 3:08-CV-1869-P, 2009 WL 400092 (N.D. Tex. Feb. 17, 2009)) (finding District Attorney's Office is nonjural entity).  Defendants in this case are nonjural entities.  Plaintiff's complaint should therefore be dismissed.

Additionally, Plaintiff has failed to show Defendants violated his right to a fair trial.  Plaintiff does not state what comments Defendants made and how those comments denied him a fair trial.   Plaintiff's criminal cases are not yet set for trial and its wholly speculative whether Defendants' alleged statements will have any effect on the trial.  Plaintiff has failed to show Defendants violated his civil rights.

### RECOMMENDATION

The Court recommends that the complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 8th  day of November,  2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).